**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000744**
**20-JUN-2017**
**08:23 AM**

NO. CAAP-15-0000744

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LaVONNE HARRISON, Trustee of LaVONNE'S FAMILY TRUST,
a Revocable Living Trust Agreement dated
September 28, 1989,
Plaintiff/Counterclaim Defendant/Appellant,
v.
CASA De EMDEKO, INCORPORATED, a Hawaii nonprofit corporation,
Defendants/Counterclaim Plaintiff/Appellees
and
JOHN DOES 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-153K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Ginoza and Chan, JJ.)

Plaintiff/Counterclaim Defendant/Appellant LaVonne Harrison, Trustee of LaVonne's Family Trust, a Revocable Living Trust Agreement dated September 28, 1989, (Harrison) appeals from the "Order Denying Plaintiff's Motion for Summary Judgment, Filed 4/17/14 and Granting Defendant Casa de Emdeko, Incorporated's Cross-Motion for Summary Judgment," filed on July 22, 2014, and the "Amended Final Judgment," filed on October 8, 2015, in the Circuit Court of the Third Circuit (circuit court).[1]

On appeal, Harrison contends that the circuit court erred in:

(1) concluding that the residential elevators, lanai

---

[1] The Honorable Ronald Ibarra presided.

railings, drains, and cable tv wires were common elements, and the expenses relating to the residential elevators, lanai railings, drains, cable tv, and pest control were common expenses;

(2) holding that Harrison was estopped from filing claims for damages during the time she knew or should have known that reserve account and maintenance account funds were being applied to what she claimed were limited common elements, but delayed in bringing an action;

(3) failing to make any findings of fact;

(4) entering its Amended Final Judgment in favor of Defendant/Counterclaimant/Appellee Casa De Emdeko, Incorporated (Association).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm in part, vacate in part, and remand for further proceedings.

(1) The declaration and bylaws of a condominium association establish the rules governing the condominium. See Ass'n of Apartment Owners of Maalaea Kai, Inc. v. Stillson, 108 Hawaiʻi 2, 9, 116 P.3d 644, 651 (2005) (citing Bradford Square Condo. Ass'n v. Miller, 258 Ga.App. 240, 245, 573 S.E.2d 405, 409 (Ga. Ct. App. 2002) ("The condominium instruments, including the bylaws and the sales agreement, are a contract that governs the legal rights between the [a]ssociation and unit owners.")). Therefore, in determining whether each of the disputed elements in this case is a common element or gives rise to a common expense, we must first look to the terms of the "Restated Declaration of Horizontal Property Regime and By-Laws of Casa De Emdeko" (Declaration).

Because the declaration and bylaws serve as a contract between the condominium owners and the association, interpretation of the declaration and bylaws is a question of law freely reviewable by this court. Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawaiʻi 201, 213, 166 P.3d 961, 973 (2007) (quoting Mikelson v. United Services Auto. Ass'n, 107

2

Hawaiʻi 192, 197, 111 P.3d 601, 606 (2005)). In conducting such review, "[i]t is fundamental that terms of a contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning." Brown v. KFC Nat'l Mgmt. Co., 82 Hawaiʻi 226, 240, 921 P.2d 146, 160 (1996) (quoting Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 108, 839 P.2d 10, 24 (1992) (citation and internal quotation marks omitted)).

Where the terms of the declaration and bylaws are insufficient in classifying something as a common element or common expense, we must look to Hawaiʻi condominium law for guidance. Because the Casa De Emdeko condominium project (Project) was created in 1969, it is governed by Chapter 514A of the Hawaii Revised Statutes (HRS), except as provided in HRS §§ 514B-22 and 514B-23.[2] See HRS § 514A-1.5 (2017).

The interpretation of a statute is a question of law that is reviewed de novo. State v. Bowman, 137 Hawaiʻi 398, 404, 375 P.3d 177, 183 (2016). Under this standard, the appellate court "must examine the facts and answer the pertinent question of law without being required to give any weight or deference to the trial court's answer to the question. In other words, [the appellate court is] free to review a trial court's conclusion of law for its correctness." Id. (citing State v. Kelekolio, 94 Hawaiʻi 354, 356, 14 P.3d 364, 366 (Haw. Ct. App. 2000)).

The supreme court has held that the "fundamental starting point for statutory interpretation is the language of the statute itself." State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009) (quoting Citizens Against Reckless Dev. v. Zoning Bd. of Appeals of the City & Cty. of Honolulu, 114 Hawaiʻi 184, 193, 159 P.3d 143, 152 (2007)). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Id. Moreover, "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the

_____

[2] Pursuant to HRS § 514A-1.5, Hawaiʻi condominiums created prior to July 1, 2006 are governed by HRS Chapter 514A, except as provided in HRS §§ 514B-22 and 514B-23, while condominiums created on or after July 1, 2006 are governed by HRS Chapter 514B.

legislature, which is to be obtained primarily from the language contained in the statute itself." Id.

On appeal, Harrison argues that the circuit court erred in concluding that the residential elevators, lanai railings, drains, and cable tv wires were common elements, and the expenses relating to the residential elevators, lanai railings, drains, cable tv, and pest control were common expenses. Harrison owns two commercial buildings in the Project, and according to Harrison, the commercial buildings have no elevators, cable TV, or lanais.

Harrison contends that the residential elevators are limited common elements under the terms of the Declaration. Section A. of the Declaration divides the Project into 109 apartment units, common elements, and limited common elements. Section A.1.(d) provides:

> The respective apartments shall not be deemed to include the undecorated or unfinished surfaces of the perimeter walls or interior load-bearing walls, the floors and ceiling surrounding each apartment or any pipes, wires, conduits, or other utilities or service lines running through such apartments which are utilized for or serve more than one apartment, the same being deemed common elements as hereinafter provided. Each apartment shall be deemed to include all the walls and partitions which are not load bearing within its perimeter walls, the inner decorated or finished surfaces of all walls, floors and ceilings, doors and door frames, windows and window frames and all fixtures originally installed, including stove, oven, refrigerator, washer, dryer, disposal and dishwasher.

Section A.2. of the Declaration provides that all of the remaining portions of the Project that are not a part of the 109 apartment units are common elements. Here, the residential elevators do not fall within the Declaration's description of the 109 apartment units and are therefore common elements of the Project.

The residential elevators also do not fall under the Declaration's description of the limited common elements. Section A.3. of the Declaration provides:

> 3. Limited Common Elements. Certain parts of the common elements, herein called the "limited common elements", are hereby designated and set aside for the exclusive use of certain apartments, and such apartments shall have appurtenant thereto easements for the use of such limited common elements as follows:

(a)    One parking space or more, designated on said plans by
       the designation corresponding to the designation of
       each apartment shall be appurtenant to and for the
       exclusive use of such apartment.
(b)    **The entries, stairways, hallways and walkways in any**
       **residential building of the project shall be**
       **appurtenant to and for the exclusive use of the**
       **apartments of such building.**
(c)    **The hallways and walkways on any floor of any**
       **residential building of the project shall be**
       **appurtenant to and for the exclusive use of the**
       **apartments on such floor.**

(Emphasis added.)  Harrison argues that the residential elevators
are limited common elements because they are an essential part of
the system of "entries, stairways, hallways and walkways."
However, we conclude that an elevator is not an entry, stairway,
hallway, or walkway.

HRS Chapter 514A further supports the conclusion that
the residential elevators are common elements.  HRS § 514A-3(6)
(2017) provides that "elevators . . . existing for common use"
are common elements.  HRS § 514A-13(h) (2017) provides that
"[l]obby areas, swimming pools, recreation areas, saunas, storage
areas, hallways, trash chutes, laundry chutes, and **other similar**
**areas not located inside apartments** intended for residential use
or the conduct of a business **shall constitute common elements**
unless designated as limited common elements by the declaration."
(Emphasis added.)  Under these provisions, the residential
elevators, which are not located within the apartments
themselves, would be considered common elements.

Harrison argues that the lanai railings are limited
common elements because they are located solely within the
residential buildings.  Because the Declaration does not specify
whether the lanai railings are common elements or limited common
elements, we must look to HRS Chapter 514A for guidance.

HRS § 514A-3(8) provides that "[a]ll other parts of the
property necessary or convenient to its . . . safety" are common
elements.  Under this definition, lanai railings, regardless of
whether they are exclusive to the residential units, are
necessary for the safety of the Project, and therefore are
considered common elements.

Harrison argues that the drains are limited common
elements because they are located solely within the residential

5

units for the exclusive use of the residential owners. However, the Declaration provides:

> 2. Common Elements. One freehold estate is hereby designated in all of the remaining portions of the project herein called the "common elements", including specifically but not limited to:
>
> . . . .
>
> (d) All breezeways, ducts, electrical equipment, wiring, **pipes** and other central and appurtenant transmission facilities and installations **over, under and across the project for services such as** power, light, **water,** gas, **sewer,** air conditioning, telephone and radio and television signal distribution.

(Emphasis added.) Therefore, under the terms of the Declaration, drains,[3] which are pipes that can be used for services such as water and sewer, are considered common elements.

The Association argues that cable tv wires are common elements under the Declaration, which provides that "[a]ll . . . wiring . . . and other central and appurtenant transmission facilities and installations over, under and across the project for services such as . . . television signal distribution" are common elements. We agree with this argument.

Harrison argues that expenses relating to the residential elevators, lanai railings, drains, cable tv, and pest control are not common expenses. Section H. of the Declaration defines common expenses to include "any maintenance, repair, replacement and restoration of the common elements." Because we conclude that the elevator, lanai railings, and drains are common elements, we reject Harrison's claim that the expenses related to these elements are not common expenses. In contrast, the record is unclear as to the nature of the cable tv and pest control expenses challenged by Harrison. Therefore, we conclude that the Association failed to show its entitlement to summary judgment as to these expenses. Accordingly, we vacate the circuit court's designation of the cable tv and pest control expenses as common expenses, and remand for further proceedings.

(2) Harrison contends that the circuit court erred in holding that Harrison was estopped from filing claims for damages

---

[3] The word "drain" is defined by Merriam-Webster as "a means (as a pipe) by which usu. liquid matter is drained." Merriam-Webster's Collegiate Dictionary at 378 (11th ed. 2003).

during the time she knew or should have known that reserve account and maintenance account funds were being applied to what she refers to as "limited common elements," but delayed in bringing an action. Harrison essentially argues that estoppel was improper because the residential elevators had been accepted by the Association's board of directors as limited common elements, and because prior to filing the Complaint, Harrison had objected to and complained about the disputed assessments.

Because of our decision on the expenses relating to the residential elevators, lanai railings, and drains, we need not address estoppel as to those expenses. With respect to the cable tv and pest control expenses, genuine issues of material fact exist as to the Association's estoppel claim. Accordingly, we vacate the circuit court's estoppel decision as to the cable tv and pest control expenses, and remand for further proceedings.

(3) Harrison contends that the circuit court erred in failing to make any findings of fact in its "Order Denying Plaintiff's Motion for Summary Judgment, Filed 4/17/14 and Granting Defendant Casa de Emdeko, Incorporated's Cross-Motion for Summary Judgment." However, Harrison provides no argument regarding this issue. At best, Harrison states that the circuit court "was required, by necessity" to make findings of fact. Because Harrison did not present any discernible argument on this point, this issue is deemed waived and will not be addressed further here. Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks and brackets omitted)).

(4) For the reasons discussed above, we address Harrison's contention that the circuit court erred in entering its Amended Final Judgment in favor of the Association in accordance with the conclusion below.

Based on the foregoing, we affirm in part and vacate in part the circuit court's "Amended Final Judgment" and underlying "Order Denying Plaintiff's Motion for Summary Judgment, Filed

4/17/14 and Granting Defendant Casa de Emdeko, Incorporated's Cross-Motion for Summary Judgment," and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED:   Honolulu, Hawaiʻi, June 20, 2017.

On the briefs:

Francis L. Jung, and
Carol M. Jung
(Jung & Vassar, P.C.)
for Plaintiff/Counterclaim
Defendant/Appellant

Wesley H.H. Ching
(Fukunaga Matayoshi Ching &
Kon-Herrera, LLP)
for Defendant/Counterclaim
Plaintiff/Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

8